# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| EDDIE C. RISDAL,<br><br>    Plaintiff,<br><br>vs.<br><br>CHEROKEE CITY CHIEF OF POLICE, MIKE ADAMS, and DAVE JOBES,<br><br>    Defendants. | No. C19-4007-LTS<br><br>**MEMORANDUM OPINION AND ORDER ON MOTIONS TO DISMISS** |

## I. INTRODUCTION

This case is before me on two motions (Doc. Nos. 25, 27) to dismiss the pro se complaint (Doc. No. 1). Plaintiff Eddie Risdal has filed a resistance (Doc. No. 26) to one of the motions, a supplement (Doc. No. 31) to his complaint and a motion (Doc. No. 32) for sanctions against one defendant. Oral argument is not necessary as to any of the pending motions.

## II. FACTUAL AND PROCEDURAL HISTORY

Risdal filed his complaint on February 5, 2019, alleging violations of his "First, Fourth, Sixth, Eighth, and Fourteenth Amendment rights." Doc. No. 1. He alleges that he is committed at Iowa's Civil Commitment Unit for Sexual Offenders (CCUSO). Two of the named defendants—Mike Adams and Dave Jobes—are employees of the State of Iowa. A third defendant, the Cherokee City Chief of Police (the Chief), is an employee of the City of Cherokee.[1] Risdal alleges that the Chief falsely imprisoned him. He

---

[1] Another defendant, Anna Salter, was previously dismissed from this case. Doc. No. 11.

further alleges that Adams, a public defender who represented him during civil commitment proceedings, violated Iowa Code Section 229A and failed to represent his interests. As for Jobes, Risdal alleges that he provided others with access to his sealed juvenile records.

> As to the Chief, Risdal alleges:
>
> on dates 2007 through [2]008 defendant Chief of Cherokee City Police Department delecated two deputies to drive up to CCUSO and to arrest plaintiff Risdal on a fellonly offence. The deputies arrested Risdal and handcuffed Risdal, they dinot give Risdal his merranda rights. The defendant Chief of Police failed to properally train his deputies.

Doc. No. 1 at 6 (errors in original). Further, he alleges that his detention was improper because he was not given access to his legal materials, which would have allowed him to file for post-conviction relief. *Id.* Risdal alleges that he only learned of this wrong on January 2, 2019, so he could not have filed the action earlier. *Id.*

As to Adams, Risdal alleges that he and Adams do not see eye-to-eye on the handling of his annual evaluation for continued civil commitment. *Id*. Risdal alleges that he asked Adams to appoint a specific evaluator who is not associated with the state, but Adams "appointed an evaluator who is inn the conspiracy with the attorney general[.]" *Id*. Risdal alleges that he "has tried to fire defendant Adams perpetually" and to seek other representation but has not been allowed to do so. *Id*.

Finally, Risdal claims that Jobes, an employee with the Iowa Department of Criminal Investigation, improperly disclosed his juvenile records to CCUSO. *Id*. at 7. Risdal alleges that a juvenile court judge once told him that when he turned 18 years old his juvenile record would be destroyed. Despite this alleged representation, Risdal later realized that CCUSO and an Iowa Assistant Attorney General used excerpts of his juvenile record in legal documents. Risdal alleges that this violated his First Amendment rights. In the supplement to his complaint, Risdal states:

> Defendant Jobes does not separate the juvinal law violations from the adult violations and inn Jobes legal record he lists two offences, but he does nnot say the one offense B & E was dismissed by the prosecutor, and defense two is a sex abuse charge and the record does not show it was found by a jury trial that Risdal was innocent.

Doc. No. 31 (errors in original).

The Chief seeks dismissal because the two-year statute of limitations on Risdal's potential claims has run, and he does not qualify for any tolling measure. Doc No. 25-1 at 4-5. Although Risdal claims he qualifies for tolling under Iowa Code Section 614.4, the Chief alleges that he does not because that section does not apply to claims for money damages. *Id.* at 5-7. Further, the Chief argues that Risdal has provided no plausible explanation for the more than ten-year delay in bringing his claims. *Id.* at 7.

Adams and Jobes seek dismissal on many grounds. First, Adams alleges that he is not subject to suit because a public defender acting in civil commitment proceedings is not a "state actor" as contemplated by Section 1983. Doc. No. 27-1 at 5-7. Second, in any event, Adams alleges he is not liable in his official capacity because state officials are not subject to Section 1983 monetary damages. *Id.* at 7-8. Third, Adams and Jobes argue that the *Rooker-Feldman* doctrine[2] and the principles of *Heck*[3] regarding finality of state court judgments preclude Risdal from seeking relief against them in their individual capacities. *Id.* at 8-10. Fourth, Adams and Jobes allege that Risdal has failed to plead sufficient facts to support any of his theories for relief. Fifth, and finally, Jobes alleges that Risdal's claims are untimely because Section 1983 claims have a two-year statute of limitations and the complained of conduct occurred in 2007 or 2008. *Id.* at 14-15.

---

[2] The *Rooker-Feldman* doctrine discusses principles of federal court abstention regarding matters of state court determinations. *D.C. Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923).

[3] *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

Risdal filed a one-page resistance (Doc. No. 26) to the Chief's motion to dismiss but did not file a resistance to the motion filed by Adams and Jobes. In his resistance to the Chief's motion, he alleges that the City of Cherokee has intentionally refused to give him the name of the Chief at the time he alleges he was harmed. Doc. No. 26. He adds that he was falsely imprisoned and fraud was committed because the offense was treated as a felony rather than a misdemeanor. *Id.*

### III. APPLICABLE STANDARDS

#### A. *Motion to dismiss*

Under Federal Rule of Civil Procedure 12(b)(1), a party may seek dismissal of an action for "lack of subject-matter jurisdiction." *Id.* When deciding a Rule 12(b)(1) motion, courts must first determine whether the motion is a "facial attack" or "factual attack." *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (citing *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980)); *see also Branson Label, Inc. v. City of Branson, Mo.*, 793 F.3d 910, 914 (8th Cir. 2015) (discussing Rule 12(b)(1) motions and *Osborn*). In a facial attack, courts must determine whether the "'plaintiff has sufficiently alleged a basis of subject matter jurisdiction.'" *Branson Label, Inc.*, 793 F.3d at 914 (quotation omitted). Thus, a court restricts itself "'to the face of the pleadings and the non-moving party receives the same protections as it would defending against a motion brought under Rule 12(b)(6).'" *Id.* (quotation omitted).

In a factual attack, subject matter jurisdiction is challenged in fact, and "'no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.'" *Osborn*, 918 F.2d at 730 (quoting *Mortensen v. First Federal Savings and Loan Association*, 549 F.2d 884, 891 (3d Cir. 1977)). In evaluating the jurisdictional claims in a factual attack, courts "may receive competent evidence such as

affidavits, deposition testimony, and the like in order to determine the factual dispute." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993) (citing *Land v. Dollar*, 330 U.S. 731, 735 n.4 (1947)). The burden is on the plaintiff to show that jurisdiction does in fact exist. *Osborn*, 918 F.2d at 730.

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal on the basis of "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In determining whether a plaintiff has stated a claim sufficient to survive a Rule 12(b)(6) motion to dismiss, the court must accept all of the plaintiff's factual allegations as true. *Ashcroft v. Iqbal,* 556 U.S. 662, 696 (2009). With respect to the facts, "'[t]he court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record.'" *Illig v. Union Electric Co.,* 652 F.3d 971, 976 (8th Cir. 2011) (quoting *Mills v. City of Grand Forks,* 614 F.3d 495, 498 (8th Cir. 2010)); *accord Mulvenon v. Greenwood,* 643 F.3d 653, 656–57 (8th Cir. 2011); *Porous Media Corp. v. Pall Corp.,* 186 F.3d 1077, 1079 (8th Cir. 1999); *see also Ashanti v. City of Golden Valley,* 666 F.3d 1148, 1151 (8th Cir. 2012) ("Documents necessarily embraced by the pleadings include 'documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading.'" (quoting *Kushner v. Beverly Enters., Inc.,* 317 F.3d 820, 831 (8th Cir. 2003))).

"To survive a [Rule 12(b)(6)] motion to dismiss, a complaint must contain sufficient factual matter … to 'state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)); *accord B & B Hardware, Inc. v. Hargis Indus., Inc.,* 569 F.3d 383, 387 (8th Cir. 2009). A claim satisfies the plausibility standard "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678 (citing *Bell Atl.,* 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than

5

a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Bell Atl.,* 550 U.S. at 556); *see also Parkhurst v. Tabor,* 569 F.3d 861, 865 (8th Cir. 2009) ("[A] complaint must contain factual allegations sufficient 'to raise a right to relief above the speculative level ....'" (quoting *Bell Atl.,* 550 U.S. at 555)); *Killingsworth v. HSBC Bank Nev., N.A.,* 507 F.3d 614, 618 (8th Cir. 2007) (examining federal pleading standards).

Although a plaintiff need not provide "detailed" facts in support of his or her allegations, the "short and plain statement" requirement of Federal Rule of Civil Procedure 8(a)(2) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 677–78 (citing *Bell Atl.,* 550 U.S. at 555); *see also Erickson v. Pardus,* 551 U.S. 89, 93 (2007) ("Specific facts are not necessary [under Rule 8(a)(2) ]."). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal,* 556 U.S. at 678 (quoting *Bell Atl.,* 550 U.S. at 555). And, "[w]here the allegations show on the face of the complaint [that] there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.,* 524 F .3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.,* 122 F.3d 539, 546 (8th Cir. 1997)).

### B. *Section 1983 claims*

Risdal brings his claims pursuant to 42 U.S.C. § 1983, which provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . ..

Section 1983 was designed to provide a "broad remedy for violations of federally protected civil rights." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 685 (1978).

Section 1983, however, provides no substantive rights. *See Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Conner*, 490 U.S. 386, 393-94 (1989); *Chapman v. Houston Welfare Rights Org.*, 441 U.S. 600, 617 (1979). "[O]ne cannot go into court and claim a violation of [42 U.S.C.] 1983' –for [42 U.S.C.] 1983 by itself does not protect anyone against anything." *Chapman*, 441 U.S. at 617. Rather, Section 1983 serves as a vehicle for plaintiffs to vindicate rights that exist under other bodies of law such as the Constitution and statutes. 42 U.S.C. § 1983; *see also Albright*, 510 U.S. at 271).

In assessing a complaint by a pro se plaintiff, the court applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quotation and citation omitted). "If the essence of an allegation is discernible," then the court, in applying a liberal construction to pro se complaints, "should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (*quoting Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). Despite the liberal construal of pro se complaints, the pro se plaintiff "still must allege sufficient facts to support the claims advanced." *Stringer v. St. James R-1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (*quoting Stone*, 364 F.3d at 914). Thus, pro se litigants "must set a claim forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law." *Id.* (*quoting Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir. 1981)).

## IV. DISCUSSION

As noted above, Risdal responded to the Chief's motion to dismiss but not to the motion filed by Adams and Jobes. A failure to respond is a violation of Local Rule 7(f), such that once the time for a response has expired a motion can be granted without further delay. *See generally Johnson v. Boyd-Richardson Co.*, 650 F.2d 147, 149 (8th Cir. 1991). Nonetheless, I have considered the merits of both motions to dismiss and conclude, rather easily, that both must be granted.

7

With regard to Risdal's claims against the Chief, those claims are untimely under the applicable statute of limitations. In Iowa, a § 1983 claim must be filed within two years of the constitutional violation. *See, e.g., DeVries v. Driesen*, 766 F.3d 922, 924 (8th Cir. 2014). Risdal alleges a violation between 2007 and 2008, but did not file this action until 2019. He claims that due to a "mistake" he did not realize he had a claim but he does not give any explanation of that alleged "mistake." As noted above, a bare legal or factual allegation is insufficient to survive a Rule 12(b)(6) motion. Risdal attempts to make both by alleging that the unexplained "mistake" entitles him to statutory tolling under Iowa Code § 614.4 until January 2, 2019. Section 614.4 states:

> In actions for relief on the ground of fraud or mistake, and those for trespass to property, the cause of action shall not be deemed to have accrued until the fraud, mistake, or trespass complained of shall have been discovered by the party aggrieved.

Iowa Code § 614.4. The tolling described in this statute does not apply to actions for money damages. *See McKiness Excavating v. Morton Bldgs.*, 507 N.W.2d 405, 410-11 (Iowa 1993). Because Risdal seeks monetary relief, § 614.4 does not help him. In any event, since he offers no explanation of the "mistake," the only "mistake" demonstrated by the pleadings was Risdal's decision to wait more than 10 years before filing a lawsuit. His claims against the Chief are barred by the statute of limitations.

Even if Risdal's claims were not barred, he has not alleged sufficient information to demonstrate a constitutional violation. He makes bare assertions about false imprisonment and a lack of proper legal warnings, but he does not tie these allegations to anything. He does not allege, for example, that there were no valid criminal proceedings against him prior to his imprisonment or that he uttered incriminating statements during his arrest that should not have been used against him. His other stray assertion against the Chief is that the Chief failed to train employees. Again, this assertion is threadbare and woefully insufficient to support a cause of action.

As noted above, I may dismiss claims that fail to raise a right to relief above the speculative level, are premised on meritless legal theories, or clearly lack any factual basis. Risdal's allegations against the Chief reveal no possible factual or legal basis and, indeed, are frivolous. I will therefore grant the Chief's motion to dismiss.

Adams, as Risdal's publicly appointed counsel for his commitment proceedings, Adams cannot be held liable under § 1983 because he is not a state actor. In *Polk Cty. v. Dodson*, 454 U.S. 312 (1981), the Supreme Court held that a "public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Id*. at 325. Federal courts around the country have extended this principle to public defenders in civil commitment proceedings. *See* Doc. 27-1 at 5-7 (citing cases). I agree with the rationale applied by those courts. Applying *Dodson* here, I find that Adams cannot be held liable under § 1983 for any alleged constitutional violation because he was not a state actor while representing Risdal in civil commitment proceedings. I will grant Adams' motion to dismiss.

Finally, Jobes cannot be held liable under § 1983 because Risdal does not identify any alleged actions that constitute a constitutional violation. He alleges that Jobes disclosed paperwork that he should not have, but disclosure of documents is not a cognizable constitutional harm, such as deliberate indifference to a medical need or the failure to protect from harm. At best, Risdal contends that the paperwork was used to increase his penalty or his time in custody at CCUSO. Because Risdal has failed to allege a constitutional violation against Jobes, he has not stated a valid claim for relief.

In addition, a plaintiff cannot raise a challenge in a § 1983 suit that would undermine the validity of his or her sentence. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994) (if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; the complaint must be dismissed unless the plaintiff can show that the conviction or sentence has already been invalidated). Plaintiff's claim

against Jobes appears to be improper in light of *Heck*. For both of these reasons, I will grant Jobes' motion to dismiss.

Risdal's complaint also includes allegations of a conspiracy. "To prove a civil conspiracy under Section 1983, [Risdal] must show (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action to be taken; (4) the commission of one or more unlawful over acts; and (5) damages as the proximate result of the conspiracy." *Dean v. Cty. of Gage, Neb.*, 807 F.3d 931, 939 (8th Cir. 2015). However, a plaintiff cannot maintain a conspiracy claim if there is no underlying constitutional violation. *See Draper v. City of Festus, Mo.*, 782 F.3d 948, 953 (8th Cir. 2015). Because Risdal failed to state a claim for any constitutional violation, he cannot maintain a civil conspiracy.

## V. CONCLUSION

For the reasons set forth herein:

1. Defendants' motions (Doc. Nos. 25, 27) to dismiss are **granted in their entirety**.

2. All claims asserted by plaintiff Eddie Risdal are **dismissed** and the Clerk of Court shall **close this case**.

3. Plaintiff's motion (Doc. No. 32) for sanctions is **denied as moot**.

**IT IS SO ORDERED.**

**DATED** this 24th day of March, 2020.

_____
Leonard T. Strand, Chief Judge